UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/10/06

UNITED STATES UNDERWRITERS
INSURANCE COMPANY,

            Plaintiff,

    -against-

FALCON CONSTRUCTION CORP., et al.,

            Defendants.

No. 02 Civ. 4182 (LTS)(GWG)

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

## MEMORANDUM OPINION AND ORDER

On August 27, 2003, this Court issued an Opinion and Order ("August 27

Decision") denying Plaintiff United States Underwriters Insurance Company's ("Plaintiff"or

"U.S. Underwriters") motion for summary judgment seeking a determination that it is not

obligated to defend and/or indemnify Defendants New York City Housing Authority

("Defendant" or "NYCHA") and/or Falcon Construction Corp. ("Falcon") for any liability those

entities may have incurred following a state law action brought against them by Defendant Ana

Flores ("Flores"). U.S. Underwriters now moves for partial summary judgment against NYCHA,

seeking the same relief requested in its prior motion practice. NYCHA cross-moves for

summary judgment dismissing Plaintiff's complaint and seeking a declaration that U.S.

Underwriters was obligated to defend and is further obligated to indemnify NYCHA for the

March 2004 settlement of the Flores action.

    The Court has jurisdiction of the instant action under 28 U.S.C. sections 1332 and

2201. The Court has thoroughly reviewed the parties' motion papers and proffered evidence.

Copies mailed to Pl. Atty & given to Def. Counsel
Chambers of Laura Taylor Swain 5-10-06

For the following reasons, the parties' motions are denied in their entirety.

## BACKGROUND

Familiarity with the background of the instant case, which is detailed in the

Court's August 27 Decision, is presumed. <u>See</u> <u>United States Underwriters Ins. Co. v. Falcon</u>

<u>Constr. Corp.</u>, No 02 Civ. 4182(LTS), 2003 WL 22019429, at \*1-\*4 (S.D.N.Y. Aug. 27, 2003).

## DISCUSSION

<u>U.S. Underwriters' Motion for Partial Summary Judgment</u>

Defendant argues that Plaintiff's motion should be denied as an untimely motion

for reconsideration of the Court's August 27 Decision. If the Court were to construe Plaintiff's

motion as one for reconsideration, it would indeed be untimely, as it was filed approximately 15

months after the Court's August 27 Decision. Southern District of New York Local Civil Rule

6.3 requires a motion for reconsideration to be "served within ten (10) days after the entry of the

court's order determining the original motion." S.D.N.Y. Local Civ. R. 6.3; <u>see also</u> Fed. R. Civ.

P. 60(b). However, Plaintiff asserts that, while its current motion is a renewal of its prior motion

for summary judgment, its arguments are supported by new evidence. (<u>See</u> Pl.'s Mem. of Law

[in Reply] ("Pl.'s Reply"), 1-2.)

"A party may renew its motion for summary judgment as long as it is supported

by new material." <u>Wechsler v. Hunt Health Sys., Ltd.</u>, 198 F. Supp. 2d 508, 514 (S.D.N.Y.

2002) (citations omitted). Nonetheless, the "the Court retains discretion to determine the scope

of its reconsideration." <u>Id.</u> (citations omitted). Here, the Court declines to review Plaintiff's

renewed motion for summary judgment because it relies upon previously discoverable material and evidence which is not therefore appropriately "new." See, e.g., Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (declining review of subsequent summary judgment motion where movant failed to "raise[] any new facts or arguments which it could not have raised in the first round of briefing"). Plaintiff's proffered newly discovered evidence consists primarily of depositions of individuals who were available to be deposed prior to Plaintiff's filing of its initial motion for summary judgment. Indeed, U.S. Underwriters admits that "the prior motion was essentially submitted on the terms and conditions of the subject policies and the allegations of the underlying action . . . ." (Pl.'s Reply, 4.) The Court will not reward Plaintiff for filing a premature summary judgment motion with another bite at the apple. The case is now trial ready; U.S. Underwriters' additional evidence can be presented in the context of the trial proceedings.

Accordingly, the Court declines to entertain Plaintiff's motion for partial summary judgment and the motion is denied in its entirety.


NYCHA's Motion for Summary Judgment

*Summary Judgment Standard*

When cross-motions for summary judgment are filed, "the standard is the same as that for individual motions for summary judgment." Natural Res. Def. Council v. Evans, 254 F. Supp. 2d 434, 438 (S.D.N.Y. 2003). "The court must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." Id. (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir.

2001)).  Summary judgment shall be granted in favor of a moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Moreover, in evaluating the sufficiency of the evidence, it is not the Court's duty to "weigh the evidence and determine the truth of the matter."  Anderson, 477 U.S. at 249.  Instead, at the summary judgment stage, the Court need only "determine whether there is a genuine issue for trial."  Id.

*Collateral Estoppel*

The first ground upon which NYCHA seeks summary judgment – that U.S. Underwriters' untimeliness disclaimers are ineffective because this Court held in its August 27 Decision that NYCHA's notice was given in a reasonable time and U.S. Underwriters is therefore estopped from seeking to prove that the notice was late – is based on misreadings of the August 27 Decision and of the law of preclusion.  The August 27 Decision did not hold that NYCHA's notice was reasonable and thus timely.  Rather, that Decision held that U.S. Underwriters had failed to demonstrate that it was entitled to judgment as a matter of law on the ground that the notice was unreasonable, and that the issue of reasonableness of the Notice was one for trial.  United States Underwriters Ins. Co. v. Falcon Constr. Corp., No 02 Civ. 4182(LTS), 2003 WL 22019429, at *6 (S.D.N.Y. Aug. 27, 2003).  Furthermore, the doctrine of collateral estoppel precludes a party from relitigating an issue only where

> (1) the identical issue was raised in a previous proceeding; (2) the issue was
> actually litigated and decided in the previous proceeding; (3) the party had a full

and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d Cir. 2005) (quoting Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998)). Here, where the "prior determination" was made in the course of the same ongoing proceeding and no final judgment on the merits has been entered, the doctrine of collateral estoppel is inapposite.

Accordingly, NYCHA's motion for summary judgment is denied to the extent NYCHA seeks dismissal of the complaint on the grounds that Plaintiff is collaterally estopped from litigating the issue of the reasonableness of NYCHA's notice.

*Timeliness of Notice by NYCHA*

Plaintiff disclaimed coverage to Defendant under its commercial general liability policy number CL 3033659 (the "GCL policy") in a letter dated March 12, 2001 (Decl. of Olivia M. Gross, Nov. 17, 2004 ("Gross Decl."), Ex. N), and under its Owners' and Contractors' Protective liability policy number CL 3036360 (the "OCP policy") in a letter dated April 12, 2001. (Id., Ex. P.) NYCHA argues that U.S. Underwriters' disclaimers are ineffective because this Court determined in the August 27 Decision that NYCHA's notice had been given in a reasonable manner. As explained above, U.S. Underwriters' argument rests on a faulty reading of the August 27 Decision. The Court merely determined that U.S. Underwriters had failed to carry its burden of showing its entitlement to judgment as a matter of law on the late notice issue; the Court did not hold that NYCHA's notice was timely. Notwithstanding the additional evidence proffered by U.S. Underwriters on this issue, there remain issues of fact for trial on the question of timeliness.

*Timeliness of U.S. Underwriters' Disclaimer Under the OCP Policy*

NYCHA further argues that U.S. Underwriters' disclaimer of coverage under the OCP policy is ineffective because Plaintiff "failed to disclaim coverage thereunder in a timely manner." (Def.'s Mem., 15.) An insurer is obligated to disclaim coverage within a reasonable amount of time following the insured's notice to the insurer of the occurrence or claim. See Webster v. Mount Vernon Fire Ins. Co., 368 F.3d 209, 214 (2d Cir. 2004). If the insurer fails to disclaim coverage within a reasonable amount of time, the insurer is then "estopped . . . from later denying coverage, even though the insurer would have otherwise been entitled to deny coverage based on the insured's failure to give timely notice." Id. at 215.

Here, NYCHA has failed to show that Plaintiff's April 11, 2001, letter disclaiming coverage to NYCHA under the OCP policy ("OCP disclaimer letter") was untimely as a matter of law. It is undisputed that NYCHA's tender letter to Falcon (Not. of Mot. and Decl. of Steven Verveniotis ("Verveniotis Decl."), Ex. 3-B.), dated February 26, 2001 ("Tender Letter"), was forwarded to U.S. Underwriters on March 9, 2001. (See Gross Decl., Ex. N (acknowledging receipt of NYCHA's tender letter).) By letter dated March 12, 2001, Plaintiff disclaimed coverage to NYCHA under the GCL policy only. On March 22, 2001, the broker again forwarded the tender letter to U.S. Underwriters, under a cover sheet that for the first time referenced the OCP policy in addition to the GCL policy. (See Verveniotis Decl. Ex. 3-G.) U.S. Underwriters disclaimed coverage of the Flores claim under the OCP policy by letter dated April 11, 2001.

Defendant argues that Plaintiff's OCP disclaimer letter is untimely because Plaintiff had notice of the Flores claim as of March 9, 2001. However, none of the documents

forwarded to Plaintiff on March 9, 2001, made reference to the OCP policy. (See Tender Letter, id. Ex. 3-B; Fax Cover Sheet to Tender Letter, id. Ex. 3-C; General Liability Notice of Occurrence/Claim form, id. Ex. 3-D.) Indeed, Defendant's tender letter to Falcon did not identify any policy.[1] (Id. Ex. 3-B.) Cheryl Hazard, the claims examiner for U.S. Liability Company who issued Plaintiff's OCP disclaimer letter, stated that "[p]rior to receiving" the March 22, 2001, notification she was not aware of "any request by the housing authority to consider coverage of the [OCP policy]." (Cheryl Hazard Dep. 36:15-18, June 8, 2004, Gross Decl. Ex. J.) Since "an insurer's obligation to disclaim coverage as to a particular insured does not arise until that insured has provided notice of the occurrence or claim,"[2] and Defendant has not shown as a matter of law that its tender letter provided Plaintiff with notice of claims in connection with the GCL and OCP policies, there remain genuine issues of material fact as to whether the timeliness of Plaintiff's disclaimer of the OCP policy was unreasonable as a matter of law.

*Whether U.S. Underwriters Must Demonstrate Prejudice Arising from NYCHA's Allegedly Late Notice*

Defendant further argues that, even if Plaintiff were successful in showing that NYCHA's notice to Plaintiff was unreasonably untimely, U.S. Underwriters must show that it

---

[1]   NYCHA notes that the GCL and OCP policies themselves do not require the insured to identify a particular policy when notifying the insured of an occurrence or claim. (Gross Decl. ¶ 43 and Exs. cited therein.) While the policies may not include a specific requirement to name the policy implicated in an occurrence, a reasonable fact finder could find an identification requirement implicit in the insured's duty to notify, particularly where, as here, multiple policies may be implicated by one occurrence.

[2]   Webster, 368 F.3d at 214.

was prejudiced by NYCHA's delay in order successfully to disclaim coverage on the basis of late notice. Defendant cites In re Brandon (Nationwide Mut. Ins. Co.), for the proposition that "insurers relying on the late notice of legal action should be required to demonstrate prejudice." 769 N.E.2d 810 (N.Y. 2002). However, NYCHA's reliance on Brandon, an insurance action involving supplementary uninsured motorists coverage, as a basis for a broad requirement that prejudice be shown in connection with late notice disclaimers is misplaced. Brandon and its progeny focus on the application of New York's general "no-prejudice" rule where notice of the underlying claim has been given in a timely manner, but the insurance company seeks to disclaim based on later untimely notice of a lawsuit. Here, U.S. Underwriters' disclaimer is based on allegedly untimely notice of the underlying occurrence or claim; neither Brandon nor the other cases cited by Plaintiff requires a demonstration of prejudice in connection with such late notice.[3]

Accordingly, NYCHA's summary judgment motion is denied to the extent it seeks a finding that U.S. Underwriters' untimeliness disclaimer is ineffective for lack of a demonstration of prejudice.

---

[3]     Compare Brandon (timely notice of claim given by insured; insurer required to demonstrate prejudice in connection with disclaimer based on late notice of subsequent lawsuit), and Mark A. Varrichio & Assocs. v. Chicago Ins. Co., 312 F.3d 544, 550 (2d Cir. 2002) (certifying to Court of Appeals question of whether insurer must demonstrate prejudice "before being permitted to disclaim liability where the insured provided timely notice of the claim, but subsequently failed to provide timely notice of suit") with The Argo Corp. v. Greater New York Mut. Ins. Co., 4 N.Y. 3d 332, 339-40 (2005) (prejudice showing in connection with late notice of lawsuit not required where notice of underlying claim was unreasonably late), and Great Canal Realty Corp. v. Seneca Ins. Co., Inc., 5 N.Y. 3d 742, 743 (2005) ("[T]he carrier need not show prejudice before disclaiming based on the insured's failure to timely notify it of an occurrence.") (citation omitted).

## CONCLUSION

Plaintiff's motion for partial summary judgment and Defendant NYCHA's motion

for summary judgment are both denied. The final pretrial conference will be held on June 29,

2006, at 3:30 p.m. The parties shall confer and shall make their submissions in advance of the

conference as required by the Pretrial Scheduling Order issued herewith.


SO ORDERED.

Dated: New York, New York
      May 10, 2006

                                 LAURA TAYLOR SWAIN
                                 United States District Judge