UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES UNDERWRITERS                    :
INSURANCE COMPANY,                            :
                                              :
                         Plaintiff,           :            02 Civ. 4182 (CSH)
                                              :
            -against-                         :
_____    :
FALCON CONSTRUCTION CORP., THE                :            MEMORANDUM OPINION
NEW YORK CITY HOUSING AUTHORITY,              :                 AND ORDER
and ANA FLORES,                               :
                                              :
                         Defendants.          :
-------------------------------------------------------------- x

HAIGHT, Senior District Judge:

       In this action, plaintiff U.S. Underwriters Insurance Company ("U.S. Underwriters") seeks

a determination that it is not obligated to defend or indemnify the New York City Housing Authority

("NYCHA") with respect to a personal injury claim asserted against NYCHA by Ana Flores

("Flores") in state court.  Flores was injured when she fell in the vestibule of a NYCHA apartment

building being renovated by Falcon Construction Corporation ("Falcon").  The issue is whether U.S.

Underwriters must indemnify NYCHA for liability associated with Flores' injury based on two

insurance policies issued by U.S. Underwriters: (1) a general commercial liability policy ("GCL

policy"), issued to Falcon, under which NYCHA is an additional insured, and (2) an owners and

contractors protective liability policy ("OCP policy"), issued to NYCHA.

## I.  BACKGROUND

### A.    Procedural History

       On August 27, 2003, Judge Swain of this Court, to whom the case was originally assigned,

issued an Opinion denying U.S. Underwriters' motion for summary judgment.   *See U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2003 WL 22019429 (S.D.N.Y. 2003) ("*U.S. Underwriters I*").   On May 10, 2006, Judge Swain issued an Opinion denying both U.S. Underwriters' motion for partial summary judgment and NYCHA's motion for summary judgment. *See U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2006 WL 1292206 (S.D.N.Y. 2006) ("*U.S. Underwriters II*").   On October 12, 2006, the case was transferred from Judge Swain to the undersigned.   The case is scheduled for trial before this Court on December 4, 2006.

### B.   Present Motion

The Court now addresses defendant NYCHA's motion *in limine* to preclude U.S. Underwriters from offering evidence that NYCHA failed to notify U.S. Underwriters of the underlying claim in a timely manner under the OCP policy.   NYCHA argues that: (1) U.S. Underwriters waived its right to assert a late notice defense, as a matter of law, by failing to disclaim coverage under the OCP policy in a timely manner; (2) evidence of late notice by NYCHA is irrelevant and thus inadmissible under Federal Rule of Evidence 402; and (3) the doctrine of collateral estoppel prevents U.S. Underwriters from relitigating the issue of whether it waived its late notice defense.   In response, U.S. Underwriters argues that NYCHA's *in limine* motion is an inappropriate attempt to relitigate summary judgment issues already determined by the Court. Plaintiff requests that Rule 11 sanctions be imposed against NYCHA's counsel.

For the reasons that follow, defendant NYCHA's motion *in limine* is denied and plaintiff's request for sanctions is denied.

## II.  ANALYSIS

**A.      Standard of Review**

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted).  Evidence should be excluded on an *in limine* motion only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998).

**B.      Analysis of NYCHA's Arguments**

**1.      U.S. Underwriters' Alleged Waiver of Its Late Notice Defense**

NYCHA's first argument — that U.S. Underwriters waived its late notice defense as a matter of law — is an improper attempt to relitigate an issue that Judge Swain previously decided in her opinion denying NYCHA's prior motion for summary judgment.

In the present motion, NYCHA argues that "U.S. Underwriters should be precluded from offering evidence of 'late notice' under the OCP policy because U.S. Underwriters failed to disclaim coverage under the policy in a timely manner, and is thus precluded from denying coverage on the ground of late notice as a matter of law."  Memorandum of Law in Support of Defendant NYCHA's Motion *In Limine* ("Def. Mem.") at 1.

The Court clearly considered and rejected this argument in its May 10, 2006 Opinion.  In a section entitled "Timeliness of U.S. Underwriters' Disclaimer Under the OCP Policy," Judge Swain explained:

3

NYCHA further argues that U.S. Underwriters' disclaimer of coverage under the OCP policy is ineffective because Plaintiff "failed to disclaim the coverage thereunder in a timely manner." An insurer is obligated to disclaim coverage within a reasonable amount of time following the insured's notice to the insurer of the occurrence or claim. . . .

Here, NYCHA has failed to show that Plaintiff's April 11, 2001, letter disclaiming coverage to NYCHA under the OCP policy ("OCP disclaimer letter") was untimely as a matter of law. It is undisputed that NYCHA's tender letter to Falcon, dated February 26, 2001, was forwarded to U.S. Underwriters on March 9, 2001. By letter dated March 12, 2001, Plaintiff disclaimed coverage to NYCHA under the GCL policy only. On March 22, 2001, the broker again forwarded the tender letter to U.S. Underwriters, under a cover sheet that for the first time referenced the OCP policy in addition to the GCL policy. U.S. Underwriters disclaimed coverage of the Flores claim under the OCP policy by letter dated April 11, 2001.

Defendant argues that Plaintiff's OCP disclaimer letter is untimely because Plaintiff had notice of the Flores claim as of March 9, 2001. However, none of the documents forwarded to Plaintiff on March 9, 2001, made reference to the OCP policy. Indeed, Defendant's tender letter to Falcon did not identify any policy. Cheryl Hazard, the claims examiner for U.S. Liability Company who issued Plaintiff's OCP disclaimer letter, stated that "[p]rior to receiving" the March 22, 2001, notification she was not aware of "any request by the housing authority to consider coverage of the [OCP policy]." Since "an insurer's obligation to disclaim coverage as to a particular insured does not arise until that insured has provided notice of the occurrence or claim," and Defendant has not shown as a matter of law that its tender letter provided Plaintiff with notice of claims in connection with the GCL and OCP policies, there remain genuine issues of material fact as to whether the timeliness of Plaintiff's disclaimer of the OCP policy was unreasonable as a matter of law.

*U.S. Underwriters II,* 2006 WL 1292206, at *3-4 (S.D.N.Y. May 10, 2006) (citations omitted).

Thus, NYCHA's motion attempts to relitigate an issue already decided by the Court. This is an improper use of an *in limine* motion. If NYCHA wanted to contest the legal conclusions in the Court's May 10, 2006 opinion, it should have filed a timely motion for reconsideration.[1]

---

[1] Local Civil Rule 6.3 requires a motion for reconsideration to be "served within ten (10) days after the entry of the court's determination of the original motion." S.D.N.Y. Local Civ. R. 6.3. The Court denied NYCHA's motion for summary judgment on May 10, 2006. NYCHA's *in limine* motion, filed on May 30, 2006, would be untimely if treated as a motion for reconsideration.

### 2.     Federal Rule of Evidence 402

NYCHA argues that evidence on NYCHA's alleged failure to provide timely notice is irrelevant to the case because U.S. Underwriters waived its late notice defense as a matter of law. NYCHA argues that such evidence is thus inadmissible under Federal Rule of Evidence 402, which provides that "evidence that is not relevant is not admissible."

This argument plainly hinges on NYCHA's claim that U.S. Underwriters waived its late notice defense as a matter of law. Since the Court rejected NYCHA's waiver argument, the Rule 402 argument fails as well.[2]

### 3.     Collateral Estoppel

Finally, NYCHA argues that the doctrine of collateral estoppel prevents U.S. Underwriters from litigating the issue of whether it waived its right to assert a late notice defense. NYCHA argues:

> U.S. Underwriters and NYCHA have litigated the issue of whether U.S. Underwriters may delay in issuing a disclaimer under its OCP policy after having previously disclaimed coverage under its GCL policy. This Court held that U.S. Underwriters was barred as a matter of law from doing so. *See U.S. Underwriters v. Falcon Constr. Corp.*, 2004 WL 1497563 (S.D.N.Y. July 1, 2004) (Duffy, J.) ("*Falcon*"). As a prior ruling has been made on this issue, U.S. Underwriters is barred from re-litigating the issue here under the doctrine of collateral estoppel.

NYCHA's Reply Memorandum of Law in Further Support of NYCHA's Motion *In Limine* ("Def. Rep.") at 5.

Although NYCHA discussed the opinion by Judge Duffy in its original memorandum of law

---

[2] Furthermore, the Court's May 10, 2006 Opinion found that there was a genuine issue of material fact as to the timeliness of notice by NYCHA. *U.S. Underwriters II*, 2006 WL 1292206, at *3. This finding clearly indicates that the Court considered evidence on this issue to be "relevant." Thus, NYCHA's Rule 402 argument is another improper attempt to relitigate an issue that was already decided by the Court on NYCHA's prior motion for summary judgment.

in support of the *in limine* motion, NYCHA raised the collateral estoppel argument for the first time in its reply brief.  The Court need not consider a new argument raised for the first time in a reply brief, as arguments presented in this fashion deny the opposing party a fair opportunity to respond. *See, e.g., Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998); *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 561 n.10 (S.D.N.Y. 2001) (cases cited).  Nonetheless, having considered the issue, I find that U.S. Underwriters is not collaterally estopped from litigating its late notice defense.

The doctrine of collateral estoppel, or issue preclusion, applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005).  Here, the first requirement is not met because the issues in the two cases, although similar, are not the same.

The earlier case, *Falcon*, involved the same parties — NYCHA, Falcon, and U.S. Underwriters — and the same insurance contracts — the GCL policy, issued to Falcon with NYCHA as an additional insured, and the OCP policy, issued to NYCHA.  In *Falcon*, NYCHA tendered a claim to U.S. Underwriters on March 21, 2001,[3] seeking coverage relating to an injury that occurred at a NYCHA apartment complex on June 11, 2000.  The tender letter did not mention any specific policy under which coverage was sought.  Def. Rep. at 5.  On March 28, 2001, U.S. Underwriters disclaimed coverage under the GCL policy based on late notice.  But U.S. Underwriters did not

---

[3] NYCHA states that it tendered its claim on March 11, 2001, Def. Rep. at 5, but Judge Duffy's opinion states that the claim was tendered on March 21, 2001, *Falcon,* 2004 WL 1497563, at *3.  This discrepancy does not affect the collateral estoppel analysis.

6

disclaim coverage under the OCP policy until May 30, 2001.[4]  Under these circumstances, Judge

Duffy concluded that U.S. Underwriters had waived its right to assert a late notice defense against

NYCHA's claim under the OCP policy.  He reasoned:

> Neither NYCHA nor Falcon notified U.S. Underwriters of the "claim, suit or occurrence" in a timely manner, as required by the terms of the policy.  However, U.S. Underwriters validly disclaimed coverage on late notice grounds only with regard to NYCHA's claim under [the GCL policy].  Therefore, U.S. Underwriters waived the affirmative defense of late notice with regard to . . . NYCHA's claim under [the OCP policy].  *See U.S. Fidelity & Guaranty Co. v. Treadwell Corp.*, 58 F. Supp. 2d 77, 90 (S.D.N.Y. 1999) (citation omitted) ("[A]n insurer is deemed, as a matter of law, to have intended to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defense.")

*Falcon,* 2004 WL 1497563, at *4.  NYCHA interprets this passage as holding that the late notice

defense is waived with respect to the OCP policy if it is not asserted (and could have been asserted)

at the same time as the late notice disclaimer to the GCL policy.[5]

NYCHA contends that this result compels the Court to reject U.S. Underwriters' late notice

---

[4] NYCHA states that the May 30, 2001 disclaimer was based on late notice, Def. Rep. at 6, but Judge Duffy's opinion states that the May 30, 2001 disclaimer was based on the location where the claim arose, *Falcon*, 2004 WL 1497563, at *3.  This discrepancy is potentially relevant, but does not affect my analysis here; collateral estoppel would be inappropriate even assuming that the May 30, 2001 disclaimer was based on late notice, as asserted by NYCHA.

[5] It is not entirely clear if NYCHA is reading the *Falcon* holding correctly.  In a footnote to the passage quoted above, Judge Duffy noted: "U.S. Underwriters argues that it properly disclaimed [under the OCP policy] on the ground of late notice in the letter dated April 11, 2001.  However, it is clear that this Letter was merely a reservation of rights, which cannot constitute a disclaimer unless sufficiently definite language is used."  *Falcon*, 2004 WL 1497563, at *4 n.5. If *Falcon* imposed a duty on U.S. Underwriters to simultaneously disclaim with respect to the OCP and GCL policies or face waiver, the adequacy of the purported April 11, 2001 disclaimer would be irrelevant — the simple fact that the OCP disclaimer had not been made along with the GCL disclaimer on March 28, 2001 would have caused waiver.  Nonetheless, Judge Duffy's citation to *U.S. Fidelity & Guaranty Co. v. Treadwell Corp.* tends to support NYCHA's reading, and the footnote regarding the purported April 11, 2001 disclaimer could be considered an alternative ground for the court's decision.

defense in the case at bar.  In the present case, U.S. Underwriters was informed of the underlying occurrence — the injury to Flores — through a tender letter on March 9, 2001.[6]  U.S. Underwriters disclaimed coverage to NYCHA under the GCL policy based on late notice on March 12, 2001.  But U.S. Underwriters did not disclaim coverage under the OCP policy until April 11, 2001.[7]  In these respects, the facts of this case are quite similar to the case before Judge Duffy.

There is, however, an important difference.  In *Falcon*, NYCHA tendered its claim by directly writing to U.S. Underwriters, describing the claim, and demanding that U.S. Underwriters assume the cost of defending and indemnifying NYCHA.  *Falcon,* 2004 WL 1497563, at *3.  In the case at bar, NYCHA tendered its claim to U.S. Underwriters indirectly, through Falcon.  Specifically, NYCHA wrote a letter to Falcon about the Flores incident, with copies of Flores' Notice of Claim and Summons and Complaint, and "requested that Falcon forward those documents to its [Falcon's] insurance carrier so that the carrier could assume NYCHA's defense."  *U.S. Underwriters I*, 2003 WL 22019429, at *3.[8]  Falcon then forwarded the documents to U.S. Underwriters.

This difference is significant.  In *Falcon*, Judge Duffy's logic suggests that U.S. Underwriters, having received a letter directly from NYCHA demanding coverage, needed to simultaneously disclaim on late notice grounds with respect to all policies that covered NYCHA, or

---

[6] The body of the tender letter did not state the specific policy under which coverage was sought.  Def. Rep. at 5.  The cover page of the faxed letter referenced Falcon and the GCL policy. *United States Underwriters I*, 2003 WL 22019429, at *3.

[7] U.S. Underwriters disclaimed coverage under the OCP policy on late notice grounds after receiving a tender letter on March 22, 2001 with a cover sheet that referenced the OCP policy and the GCL policy.  *United States Underwriters II*, 2006 WL 1292206, at *3-4.

[8] These circumstances suggest that, at the time of the tender letter, NYCHA did not realize that the Flores incident could be covered by NYCHA's own OCP policy with U.S. Underwriters.

face waiver.  But it does not follow that U.S. Underwriters, having been forwarded a letter by Falcon with regard to Falcon's insurance policy (on which NYCHA was an additional insured), needed to simultaneously disclaim on late notice grounds with respect to all policies that covered NYCHA — including an insurance policy that had nothing to do with Falcon — or suffer a waiver of the defense. In short, U.S. Underwriters' obligation to respond to the OCP policy (at the same time as the GCP policy) may depend on the circumstances of the claim tender.[9]  Because the claim tender in this case was significantly different from that in *Falcon*, I conclude that the "identical issue" was not decided in the earlier case.  As a result, I will not apply collateral estoppel on the issue of whether U.S. Underwriters waived its late notice defense under the OCP policy.  *See, e.g.*, *Montana v. United States*, 440 U.S. 147, 159 (1979) ("It is, of course, true that changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues.").

For these reasons, the Court denies NYCHA's *in limine* motion to preclude U.S. Underwriters from offering evidence that NYCHA failed to notify U.S. Underwriters of the underlying claim in a timely manner under the OCP policy.

## C.    Rule 11 Sanctions

U.S. Underwriters requests that the Court assess sanctions against NYCHA's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Although an *in limine* motion is not the proper method for relitigating a summary judgment issue, I find that sanctions under Rule 11 are not appropriate in this case.  The circumstances do not suggest that NYCHA's *in limine* motion was

---

[9] Judge Swain found that NYCHA's indirect method of notifying U.S. Underwriters could potentially satisfy NYCHA's notification requirements; valid notice did not necessarily need "to come [to U.S. Underwriters] directly from NYCHA's fax machine."  *U.S. Underwriters I*, 2003 WL 22019429, at *5. Nonetheless, different methods of valid notification may impose different disclaimer obligations on U.S. Underwriters.

brought to harass the plaintiff or delay the litigation, and the legal claims presented in the motion are

non-frivolous. Furthermore, U.S. Underwriters' request for sanctions failed to provide NYCHA with

advance notice and an opportunity to withdraw or correct the motion, as required by the "safe

harbor" provisions of Rule 11.[10]

## III. CONCLUSION

For the above reasons, defendant NYCHA's motion *in limine* is denied and plaintiff U.S.

Underwriters' request for Rule 11 sanctions is denied.

It is SO ORDERED.

Dated: New York, New York
October 30, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] "A motion for sanctions under [Rule 11] . . . shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). NYCHA states that U.S. Underwriters did not serve its request for sanctions to NYCHA and its counsel before filing it with the Court. Def. Rep. at 9.

10